UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREEN AMERICAN INSURANCE COMPANY, ) | Civil Action No.: 4:06-cv-3210-RBH |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| WILMETH LAW FIRM; HARRIET E. WILMETH; BETTY C. WIGGINS; ) | |
| Defendants. ) | |

Pending before the court is Defendant Betty C. Wiggins' [Docket Entry #10] motion for judgment on the pleadings.

## Background

This case arises as the result of a separate state court lawsuit that Betty C. Wiggins filed in the South Carolina Court of Common Pleas for the Fourth Judicial Circuit on November 21, 2005. Ms. Wiggins named Harriet E. Wilmeth, The Wilmeth Law Firm, Amron Technologies, Inc., Global Electronic Manufacturing Services, LLC, Wilmeth Enterprises, LLC, SCWRAP LLC, and John Doe Entities 1-20 as defendants in her state court action. Ms. Wiggins alleged causes of action for breach of fiduciary duty, negligence, legal malpractice, civil conspiracy, accounting, unjust enrichment, collection of debt (First Note), collection of debt (Second Note), collection of debt (Third Note), and violations of the South Carolina Uniform Securities Act, S.C. Code Ann. § 35-1-1490, -1500.

The Wilmeth Law Firm submitted Ms. Wiggins' state court complaint to Great American Insurance Company ("Great American") requesting a defense and indemnification for

any damages awarded against it as a result of the Wiggins lawsuit.  Great American had previously issued a Lawyers Professional Liability Claims-Made Policy, policy number LPL124-25-47-11 ("Policy"), to the Wilmeth Law Firm.  Great American, who is not a party to the Wiggins lawsuit, provided the Wilmeth Law Firm and Harriet Wilmeth ("Wilmeth Defendants") with a defense in the Wiggins lawsuit, but with a full reservation of rights.

Great American brought this action seeking a declaration as to whether the Policy issued by Great American provides coverage for the claims asserted by Ms. Wiggins against the Wilmeth Defendants and whether it is required to defend the Wilmeth Defendants.  Great American also seeks a rescission of the Policy based on an alleged misrepresentation made in the Wilmeth Law Firm's renewal application dated January 24, 2005.  Specifically, the renewal application contained a warranty that the Wilmeth Law Firm did not have knowledge of any incidents, circumstances, errors, omissions, or offenses which may result in a claim being made against it.  Great American asserts that the representations made in the renewal application were false when made.

On December 15, 2006, Ms. Wiggins, who is a defendant in the instant lawsuit, filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Great American filed its response on January 4, 2007.  Ms. Wiggins argues that she is entitled to judgment on the pleadings for two reasons.  First, she argues that there is a lack of diversity jurisdiction because there is no justiciable controversy between Great American and the Wilmeth Defendants.  Second, Ms. Wiggins argues that this court should refrain from exercising jurisdiction over this case under the Declaratory Judgment Act because there is a parallel state proceeding in which the ultimate issues relevant to both cases will be

resolved, i.e. whether the Wilmeth Defendants engaged in wrongful conduct as alleged by Ms. Wiggins in her state lawsuit.

## **Discussion**

A.  Rule 12(c) Standard

When reviewing a motion made under Federal Rule of Civil Procedure 12(c), the court applies the same standard applicable to motions made under Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-6 (4th Cir. 2005); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d at 244. The court should only dismiss a case when it appears certain that the plaintiff cannot prove any set of facts in support of claims that entitles it to relief. *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988).

B.  Diversity Jurisdiction

Wiggins argues that diversity jurisdiction does not exist because there is no controversy between Great American and the Wilmeth Defendants. Wiggins contends that the Wilmeth Defendants should be aligned as plaintiffs with Great American. Wiggins cites two cases from the 1940's to support its position: *American Fidelity & Cas. Co. v. Service Oil Co.*, 71 F. Supp. 932 (W.D.S.C. 1947); *State Farm Mut. Auto. Ins. Co. v Hugee*, 115 F.2d 298 (4th Cir. 1940). However, the cases cited by Wiggins are clearly distinguishable.

*State Farm Mut. Auto. Ins. Co. v Hugee* arose as a result of an automobile collision. 115 F.2d at 299-300. The plaintiff insurance company brought a declaratory judgment action

to determine its duty to defend and indemnify the defendant corporation ("Patton's Inc."), which had employed the defendant driver ("McRae"). *Hugee*, 115 F.2d at 300. The Fourth Circuit affirmed the district court's dismissal of the declaratory judgment complaint finding that there was no actual controversy between the plaintiff insurance company and Patton's, Inc. *Id*. at 302. The Fourth Circuit noted that both Patton's Inc. and the plaintiff insurance company denied liability for the same reason, that McRae was operating Patton's Inc.'s vehicle outside the scope of employment or for purely personal reasons. *Id*. at 300.

Similarly, in *American Fidelity & Casualty Co. v. Service Oil Co.*, the court dismissed the plaintiff insurance company's declaratory judgment action noting that both the plaintiff insurance company and the defendant insured denied liability on practically the same grounds. 71 F. Supp. at 933.

However, in the present case, Great American and the Wilmeth Defendants have opposing interests. Great American claims that they are not required to defend and indemnify the Wilmeth Defendants pursuant to various provisions and exclusions contained in the Policy. For example, one notable exclusion states: "[t]his insurance does not apply to . . . [a]ny Claim arising out of any criminal, dishonest, intentional, fraudulent or malicious act, error or omission." [Complaint, at ¶ 10, Docket Entry #1]. At the risk of oversimplifying the issue, in order to prove that the Policy exclusion applies, Great American must establish that the Wilmeth Defendants' alleged conduct was criminal, dishonest, intentional, fraudulent or malicious. On the other hand, in order for the Wilmeth Defendants to prevail on that issue, they must establish that their alleged conduct was not criminal, dishonest, intentional, fraudulent or malicious. If the issue is left for the state court proceeding, where Great

4

American is providing a defense to the Wilmeth Defendants, Great American would be unable to vigorously litigate the position it advocates in the present declaratory judgment action.

Great American also seeks to rescind the Policy based on an alleged misrepresentation made in the Wilmeth Law Firm's renewal application dated January 24, 2005. The renewal application contained a warranty that the Wilmeth Law Firm did not have knowledge of any incidents, circumstances, errors, omissions, or offenses which may result in a claim being made against it. Again, at the risk of oversimplification, to prevail on the rescission issue, Great American must establish that as of January 24, 2005, the Wilmeth Defendants had knowledge of incidents, circumstances, errors, omissions, or offenses that may result in a claim being made against it. On the other hand, the Wilmeth Defendants must establish that they did not possess such knowledge as of January 24, 2005.

The issues raised by Great American's causes of action in this lawsuit are sufficient to create a justiciable controversy between the parties. As such, the court concludes that the parties should not be realigned. Because there is a justiciable controversy between the parties and diversity jurisdiction exists, Wiggins' motion for judgment on the pleadings based on a lack of diversity jurisdiction is denied.

C.     Parallel State Proceedings

Next, Wiggins argues that this court should exercise its discretion under the Declaratory Judgment Act and decline jurisdiction over the instant case because a parallel state proceeding exists that will resolve the legal and factual issues in this case.

The Declaratory Judgment Act states in part that:

> [A]ny court of the United States, upon the filing of an appropriate

5

> pleading, may declare the rights and other legal relations of any
> interested party seeking such declaration, whether or not further
> relief is or could be sought. Any such declaration shall have the
> force and effect of a final judgment or decree and shall be
> reviewable as such.

28 U.S.C. § 2201(a). "Pursuant to that provision, federal courts have the discretion to decide whether to hear declaratory judgment actions." *Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994). Although a federal court has discretion to decline to entertain a declaratory judgment action, the Fourth Circuit mandates that the district court may only do so for "good reason." *Fuscardo*, 35 F.3d at 965.

Wiggins argues that the existence of a parallel state proceeding is a sufficient reason for the district court to exercise its discretion to decline jurisdiction under the Declaratory Judgment Act. *See Beach Cove Assocs. v. United States Fire Ins. Co.*, 903 F. Supp. 959, 962 (D.S.C. 1995) (stating that under *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), "the existence of parallel state proceedings would appear in itself to be 'good reason' for this court to exercise its discretion to decline jurisdiction under the Act").

Wiggins' argument, however, ignores the fact that, in addition to declaratory relief, Great American seeks rescission of the insurance policy issued to the Wilmeth Defendants. The district court's decision whether to abstain from exercising jurisdiction over nondeclaratory claims is governed by the *Colorado River* doctrine. *Great American Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006).[1]

---

[1] In *Great American Ins. Co. v. Gross*, the Fourth Circuit recognized different standards for determining whether to abstain from exercising jurisdiction over claims for declaratory relief and nondeclaratory relief. 468 F.3d at 211. The Court noted that the standard for deciding whether to proceed with a federal declaratory judgment action was "more relaxed" than the narrower *Colorado River* doctrine, which applied to claims for nondeclaratory relief. *Id.* The Court specifically left open the question of which standard applied in a "mixed" complaint scenario where both declaratory and nondeclaratory relief were sought; however, the Court did state

Six factors have been identified to guide a federal court's analysis of whether it should abstain from hearing a case pending in state court:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463-64 (4th Cir. 2005). "[F]ederal courts have a strict duty to exercise jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). This duty is not absolute and federal courts may decline to exercise their jurisdiction in exceptional circumstances "where denying a federal forum would clearly serve an important countervailing interest." *Quackenbush*, 517 U.S. at 716.

The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits. Wiggins contends that there is a parallel state proceeding. This court does not agree. The Fourth Circuit has strictly construed the requirement of parallel federal and state proceedings requiring that the parties involved be almost identical. *Gross*, 468 F.3d at 208. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Chase Brexton*, 411 F.3d at 464.

Great American is not a party to the state court proceedings. To abstain in favor of the

---

that the *Colorado River* analysis applied to the nondeclaratory claims. *Id*.

state court action would deprive Great American of the opportunity to litigate its claims. Furthermore, the issues involved in the two proceedings, while similar, are different enough for this case to proceed in federal court. Importantly, Great American may be entitled to rescind the Policy regardless of whether the Wilmeth Defendants ultimately prevail on the liability issue in state court. There is also no guarantee that the facts necessary for Great American to prove its rescission claim will be brought out in the state action. *See Gross*, 468 F.3d 208. Because Great American has undertaken to provide the Wilmeth Defendants with a defense in the state court action pursuant to the Policy, it would be unethical for Great American to make any attempt, either through counsel or otherwise, to establish those facts necessary to prove its rescission claim in the state court action. This court simply cannot conclude that the pending state court action is parallel to the instant federal proceeding. Thus, the court concludes that, with regard to Great American's nondeclaratory claims, *Colorado River* abstention would not be appropriate.

Having answered the threshold question in the negative, it is unnecessary for this court to discuss in detail the *Colorado River* factors outlined above. Additionally, it should be noted that Wiggins has not argued that *Colorado River* abstention would be appropriate. However, applying the *Colorado River* factors, the court concludes that this case does not present exceptional circumstances which would justify abstention.

With regard to Great American's claims for declaratory relief, the Fourth Circuit has set forth four factors a court must consider in deciding whether to exercise jurisdiction under the Declaratory Judgment Act when a parallel state court action is pending: 1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state

court; 2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; 3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and 4) whether the federal action is being used merely as a device for "procedural fencing," i.e., to provide another forum in a race for *res judicata*. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994).

However, when a plaintiff seeks declaratory and nondeclaratory relief in the same complaint, "then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated." *Chase Brexton*, 411 F.3d at 466. When the claims for which declaratory relief is requested are so closely intertwined with the nondeclaratory claims, "judicial economy counsels against dismissing the claims for declaratory relief while adjudicating" the nondeclaratory claims. *Id.* at 466-67. Great American's claims for declaratory relief are too intertwined with Great American's rescission claim for the court to decline jurisdiction over the declaratory claims. *See Gross*, 468 F.3d at 210 (stating "[u]nder *Chase Brexton*, once the court was required to entertain Great American's rescission claim . . .it was not at liberty to abstain from entertaining the declaratory claims because the claims were so intertwined with the nondeclaratory claims").

In summary, abstention is not appropriate in this case because the pending state action is not a parallel proceeding. Assuming arguendo that the state action is a parallel proceeding, exceptional circumstances that would warrant abstention do not exist. As such, this court retains jurisdiction over Great American's rescission claim. Finally, because Great American's rescission claim is so closely intertwined with Great American's claims for declaratory relief,

9

the court is not at liberty to abstain from entertaining the declaratory claims.

## Conclusion

For the reasons stated above, Defendant Betty C. Wiggins' [Docket Entry #10] motion for judgment on the pleadings is **DENIED**.


Florence, S.C.  	s/ R. Bryan Harwell
September 25, 2007 	R. Bryan Harwell
 	United States District Judge